# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

ARCHIE A. MARTINEZ,

    Plaintiff,

  vs.

G. HOOVER, et al.,

    Defendants.

No. CIV S-09-0680-CMK-P

ORDER

/

    Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has yet been served or appeared in the action.  Pending before the court is plaintiff's complaint (Doc. 1).

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

In his complaint, Plaintiff alleges two separate and unrelated events.  First, Plaintiff claims he has been mis-diagnosed with diabetes for thirteen years, and prescribed different insulin-containing medication in total disregard for his safety and health.  Petitioner names several medical personnel who have either diagnosed Plaintiff or prescribed such medication as defendants to this case.

Second Petitioner alleges he was assaulted by defendant Hoover on or about August 22, 2006, when defendant Hoover hit him "on the head with his baton stating 'this is for Gomez.'" (Comp. at 6).  He also claims defendant Hoover threatened him, stating "I will have you killed if you don't drop your complaints on me." (Compl. at 9).  He then alleges defendant Blim ordered that he be placed in administrative segregation on weapon possession charges with a referral for prosecution for the cutting tool that belonged to another inmate (Whitney), without asking any questions or conducting any investigation.  Next he claims defendant Garcia denied his request to drop the weapons charge and transfer him due to defendant's Hoover's assault, and retained Plaintiff in administrative segregation illegally.  Finally, Plaintiff claims that defendant Olivas attempted "to bribe [him] with money, canteen, appliances or any other special favor 'if'

1  [Plaintiff] would drop the complaints of assault by Guard G. Hoover, false charges and false
2  imprisonment ordered by Leutenant [sic] J.C. Blim and Captain Kinip." (Compl. at 9). He
3  claims all of this – the assault, the placement in administrative segregation, and filing of false
4  weapons charges – were done in retaliation for his filing a prior complaint against another guard.
5       Related to the alleged assault by defendant Hoover, Plaintiff also claims he asked
6  for but was denied any medical treatment. However, he fails to identify who denied him medical
7  treatment following the alleged assault.

## II.  DISCUSSION

### A.  Eighth Amendment Standards

11       The treatment a prisoner receives in prison and the conditions under which the
12 prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel
13 and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,
14 511 U.S. 825, 832 (1994). The Eighth Amendment "embodies broad and idealistic concepts of
15 dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102
16 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v.
17 Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with
18 "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy,
19 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only
20 when two requirements are met: (1) objectively, the official's act or omission must be so serious
21 such that it results in the denial of the minimal civilized measure of life's necessities; and (2)
22 subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of
23 inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison
24 official must have a "sufficiently culpable mind." See id.
25 / / /
26 / / /

**1. Medical Needs**

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh,

4

90 F.3d 330, 332 (9th Cir. 1996).

Here, Plaintiff alleges several doctors over the past thirteen years have mis-diagnosed him with diabetes. However, as stated above, negligence in diagnosing a condition is not sufficient to state a claim under the Eighth Amendment. Although Plaintiff contends that all of the medical staff displayed a total disregard for his safety and health, he fails to show anything other than a mis-diagnosis. Under the circumstances described in the complaint, where the doctors provided Plaintiff medical treatment, and in fact ran tests regarding his diagnosis of diabetes, it does not appear possible that the deficiencies identified herein can be cured by amending the complaint.

In addition, Plaintiff alleges he was denied any medical treatment following an assault by defendant Hoover. While complete denial of medical care for a serious condition may be sufficient to state a claim, Plaintiff fails to allege who denied him the necessary medical care. As discussed below, Plaintiff must allege specific facts against specific defendants in order to state a claim. As this defect appears to be curable, Plaintiff will be provided an opportunity to file an amended complaint to cure this defect.

**2. Excessive Force**

When prison officials stand accused of using excessive force, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, 475 U.S. 312, 320-21 (1986). The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. See Whitley, 475 U.S. at 320-21. In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably

perceived by prison officers; and (5) efforts made to temper the severity of a forceful response. See Hudson, 503 U.S. at 7.  The absence of an emergency situation is probative of whether force was applied maliciously or sadistically.  See Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc).  The lack of injuries is also probative.  See Hudson, 503 U.S. at 7-9.  Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials.  See Whitley, 475 U.S. at 321-22.

        Here, Plaintiff alleges that defendant Hoover assaulted him without provocation, and in retaliation for filing a separate lawsuit against a different guard.  The complaint appears to state a cognizable claim against defendant Hoover for excessive force at this stage of the proceedings.

        **B.    Retaliation**

        In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security.  See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).  In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right.  See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989).  The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct.  See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005).  Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose.  See Rhodes,

1  4098 F.3d at 568.

2        As to the chilling effect, the Ninth Circuit in <u>Rhodes</u> observed: "If Rhodes had not
3  alleged a chilling effect, perhaps his allegations that he suffered harm would suffice, since harm
4  that is more than minimal will almost always have a chilling effect." <u>Id</u>. at n.11.  By way of
5  example, the court cited <u>Pratt</u> in which a retaliation claim had been decided without discussing
6  chilling.  <u>See id.</u>  This citation is somewhat confusing in that the court in <u>Pratt</u> had no reason to
7  discuss chilling because it concluded that the plaintiff could not prove the absence of legitimate
8  penological interests.  <u>See</u> <u>Pratt</u>, 65 F.3d at 808-09.  Nonetheless, while the court has clearly
9  stated that one of the "basic elements" of a First Amendment retaliation claim is that the adverse
10 action "chilled the inmates exercise of his First Amendment rights," <u>id.</u> at 567-68, <u>see also</u>
11 <u>Resnick</u>, 213 F.3d at 449, the comment in <u>Rhodes</u> at footnote 11 suggests that adverse action
12 which is more than minimal satisfies this element.  Thus, if this reading of <u>Rhodes</u> is correct, the
13 chilling effect element is essentially subsumed by adverse action.

14       Here, Plaintiff claims he was assaulted, falsely imprisoned for sixteen months on
15 fabricated charges of weapon possession, threatened by staff and bribed with special favors to try
16 to get him to drop his complaints, or stay imprisoned.  He claims defendants Hoover, Blim,
17 Garcia and Olivas acted in retaliation for Plaintiff bringing suit against another guard, in
18 violaiton of his rights.  It appears the complaint states a cognizable claim for relief against
19 defendant Hoover, Blim, Garcia and Olivas for retaliation at this stage of the proceedings.

20       **C.**    **Failure to Link**

21       To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual
22 connection or link between the actions of the named defendants and the alleged deprivations.
23 <u>See</u> <u>Monell v. Dep't of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362
24 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
25 meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts, or
26 omits to perform an act which he is legally required to do that causes the deprivation of which

complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff fails to allege any acts by defendant Kinip which link defendant Kinip to any wrongdoing. Plaintiff has not linked defendant Kinip to his excessive force or retaliation claims, the only ones to survive screening. The only mention of defendant Kinip in the complaint is in relation to his claim against defendant Olivas, wherein he alleges defendant Olivas attempted to bribe him to drop his complaint against Captain Kinip for false imprisonment. However, Plaintiff fails to allege any facts to support his reference to false imprisonment by defendant Kinip. As this defect appears to be curable, Plaintiff will be provided an opportunity to cure this defect.

### III. CONCLUSION

The complaint appears to state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) in relation to Plaintiff's claim of excessive force (assault) and retaliation (false charges and placement in administrative segregation) against defendants Hoover, Blim, Garcia and Olivas. However, as discussed above, Plaintiff fails to allege any action by defendant Kinip, and fails to identify who denied him medical treatment following the alleged assault. In addition, his claims regarding being misdiagnosed with diabetes fails to state a claim for which relief can be granted, which does not appear to be curable.

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d

1258, 1262 (9th Cir. 1992). Therefore, if plaintiff chooses to amend the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 15-220. An amended complaint must be complete in itself without reference to any prior pleading. See id. All claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, some of the defects identified in this order cannot be cured by amendment, and plaintiff is not entitled to leave to amend as to such claims. Plaintiff, therefore, has the following choices: (1) plaintiff may file an amended complaint which does not allege the claims identified herein as incurable, in which case such claims will be deemed abandoned and the court will address the remaining claims; or (2) plaintiff may file an amended complaint which continues to allege claims identified as incurable, in which case the court will issue an order or findings and recommendations that such claims be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

However, Plaintiff is not required to amend his complaint. Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the court will issue an order and/or findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

///

Finally, plaintiff is warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that plaintiff may file an amended complaint within 30 days of the date of service of this order.

DATED: October 22, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE