IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE A. MARTINEZ, | No. CIV S-09-0680-CMK-P |
| Plaintiff, | |
| vs. | ORDER TO SHOW CAUSE |
| G. HOOVER, et al., | |
| Defendants. | |
| _____/ | |

  Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has yet been served or appeared in the action.  Pending before the court is plaintiff's amended complaint (Doc. 19).

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

In his complaint, Plaintiff alleges two separate and unrelated events. First, Plaintiff claims he has been mis-diagnosed with diabetes for thirteen years, and prescribed different insulin-containing medication in total disregard for his safety and health. Petitioner names several medical personnel who have either diagnosed Plaintiff or prescribed such medication as defendants to this case.

Second Petitioner alleges he was assaulted by defendant Hoover on or about August 22, 2006, was improperly placed in administrative segregation by defendant Blim, was denied release from administrative segregation and medical treatment by defendant Garcia, was retaliated against by defendant Olivas, and denied medical treatment by defendants Morton, Standford, and Akintola. As addressed by separate order, the undersigned finds Plaintiff's amended complaint sufficient to state a claim against defendants Hoover, Blim, Garcia, Olivas, Morton, Standford, and Akintola.

However, as discussed in the court's previous screening order, Plaintiff's claims regarding his diabetes treatment fails to state a cognizable claim. The court previously explained the standards for stating a claim for violation of the Eighth Amendment. The court stated:

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

. . .

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).  The complete denial of medical attention may constitute deliberate indifference.  See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference.  See Lopez, 203 F.3d at 1131.

1    Where delay is alleged, however, the prisoner must also
demonstrate that the delay led to further injury. See McGuckin,
2    974 F.2d at 1060.

3    Negligence in diagnosing or treating a medical condition
does not, however, give rise to a claim under the Eighth
4    Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference
of opinion between the prisoner and medical providers concerning
5    the appropriate course of treatment does not give rise to an Eighth
Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332
6    (9th Cir. 1996).

7    The court also found that Plaintiff's allegations that he was mis-diagnosed with

8    diabetes was insufficient to state a claim under the Eighth Amendment.

9    Although Plaintiff contends that all of the medical staff displayed a
total disregard for his safety and health, he fails to show anything
10   other than a mis-diagnosis. Under the circumstances described in
the complaint, where the doctors provided Plaintiff medical
11   treatment, and in fact ran tests regarding his diagnosis of diabetes,
it does not appear possible that the deficiencies identified herein
12   can be cured by amending the complaint.

13

14   The court concluded that Plaintiff's "claims regarding being misdiagnosed with

15   diabetes fails to state a claim for which relief can be granted, which does not appear to be

16   curable."

17   **III.  CONCLUSION**

18   As the court previously stated, because it does not appear possible that the

19   deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to

20   leave to amend prior to the dismissal of these claims. See Lopez v. Smith, 203 F.3d 1122, 1126,

21   1131 (9th Cir. 2000) (en banc). Therefore, Plaintiff will be required to show cause in writing,

22   within 30 days of the date of this order, why these claims should not be dismissed for failure to

23   state a claim. Plaintiff is warned that failure to respond to this order may result in dismissal of

24   the action for the reasons outlined above, as well as for failure to prosecute and comply with

25   court rules and orders. See Local Rule 11-110.

26   / / /

1          Accordingly, IT IS HEREBY ORDERED that Plaintiff shall show cause in
2 writing, within 30 days of the date of this order, why these claims should not be dismissed for
3 failure to state a claim.

5  DATED: May 4, 2010

                                      **CRAIG M. KELLISON**
                                      UNITED STATES MAGISTRATE JUDGE