IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE A. MARTINEZ, | No. CIV S-09-0680-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| G. HOOVER, et al., | |
| Defendants. | |
| _____/ | |

     Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.  On May 5, 2010, the court directed Plaintiff to show cause why his medical indifference claims should not be dismissed for failure to state a claim upon which relief can be granted (Doc. 20).  Plaintiff has filed a response (Docs. 22, 23).

     In the court's order to show cause, as in the original screening order, the court found Plaintiff's claims regarding his diabetes treatment fails to state a cognizable claim. Plaintiff alleges in his amended complaint that the doctors were deliberately indifferent to his serious medical needs by mis-diagnosing him with diabetes and prescribing him the wrong

medication. The court stated:

> Although Plaintiff contends that all of the medical staff displayed a total disregard for his safety and health, he fails to show anything other than a mis-diagnosis. Under the circumstances described in the complaint, where the doctors provided Plaintiff medical treatment, and in fact ran tests regarding his diagnosis of diabetes, it does not appear possible that the deficiencies identified herein can be cured by amending the complaint.

In his response to the order to show cause, Plaintiff states that where he alleged the defendants ran tests, he should have stated the defendants <u>never</u> ran any tests, including the necessary blood tests, in an attempt to show deliberate indifference. However, he also states that blood tests back to 1995 show negative results for diabetes. His allegation is therefore unclear.

Regardless of whether or not the doctors ran the blood tests Plaintiff claims should have been done, or any other tests, Plaintiff's claims still amount to a negligence or malpractice claim at best. Even if the medical treatment he received was in hindsight the wrong treatment, he still received medical treatment. Mis-diagnosis, and the incorrect treatment stemming therefrom, is insufficient to give rise to a claim under the Eighth Amendment. See <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).

Finally, there are a few defendants named on the docket who are not named in Plaintiff's amended complaint. Accordingly, the Clerk of the Court will be directed to terminate those individuals as defendants in this action.

Based on the above, IT IS HEREBY ORDERED that:

1. Plaintiff's claims for deliberate indifference to his medical condition under the Eighth Amendment, related to the treatment for diabetes, are dismissed for failure to state a claim upon which relief can be granted;

2. Defendants Cook, Mann, Carh, Gilkes, Snichman, Schultz, Monow, Parlimon, Clark, Grillo, Thorton, Bulanon, Williams, Dahmes, Hashimoto, Naleboru, and Lieullean, are dismissed from this action;

/ / /

1  3. The Clerk of the Court is directed to terminate Kinip, Smith, and Todd, as
2  defendants on the docket, as they are not named in Plaintiff's amended complaint; and
3  4. This action will proceed against defendants Hoover, Blim, Olivas, Garcia,
4  Morton, Standford, and Akintola only, as addressed by separate order.

DATED: June 30, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE