IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARCHIE A. MARTINEZ,                     No. CIV S-09-0680-KJM-CMK-P

      Plaintiff,

  vs.                                  ORDER

G. HOOVER, et al.,

      Defendants.

_____/

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Plaintiff's motion for reconsideration of the magistrate judge's order denying plaintiff's request for counsel is pending before the court. (ECF 43.)

      As provided by Eastern District of California Local Rule 303(b), "rulings by Magistrate Judges . . . shall be final if no reconsideration thereof is sought from the Court within fourteen (14) days calculated from the date of service of the ruling on the parties . . . ." Here, plaintiff is challenging two orders, filed August 16, 2010, and October 1, 2010. The August 16, 2010, order denied plaintiff's request for the appointment of counsel; the October 1, 2010, order denied plaintiff's request for reconsideration of the prior order. Plaintiff's pending motion for reconsideration was filed on the court's docket on November 5, 2010; the proof of service

1

attached indicates plaintiff served the motion on October 26, 2010.  Plaintiff's motion thus was served and filed more than fourteen days from the date of service of the magistrate judge's orders.[1]  The motion, therefore, is untimely.

Even if the motion had been timely filed, the motion would be denied.  As provided by Local Rule 303(f), a magistrate judge's order shall be upheld unless "clearly erroneous or contrary to law."  Upon review of the file, the magistrate judge's ruling was not clearly erroneous or contrary to law.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion for reconsideration (ECF 43) is denied as untimely; and

2. No further motions for reconsideration of the magistrate judge's August 16, 2010, or October 1, 2010, orders will be considered.

DATED: August 13, 2011.

UNITED STATES DISTRICT JUDGE

---

[1] As provided by *Houston v. Lack*, 487 U.S. 266 (1988), because plaintiff is a *pro se* prisoner litigant, the court has given plaintiff the benefit of the date shown on his proof of service, as the date he delivered his motion to prison authorities for mailing to the court.

2