IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE A. MARTINEZ, | No. CIV S-09-0680-KJM-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| G. HOOVER, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to dismiss (Doc. 32). Plaintiff filed an opposition to the motion (Doc. 44) and defendants filed a reply (Doc. 45).  In addition, plaintiff requested permission and additional time to file a surreply (Docs. 46, 49), and defendants filed a motion to strike plaintiff's surreply (Doc. 48)

**I.  BACKGROUND**

This action proceeds on plaintiff's amended complaint (Doc. 19).  His complaint includes claims regarding denial of medical treatment, excessive force, and retaliation.  Upon screening, the court found plaintiff stated a claim against seven defendants for the violation of his Eighth Amendment rights for the use of excessive force and  denial of medical treatment, and for

retaliation. The excessive force allegations stem from an in-cell incident with defendant Hoover. The retaliation claims are based on allegations of false disciplinary charges and confinement in administrative segregation. Finally, the denial of medical treatment claims relate to the defendants' alleged denial of treatment following the incident with defendant Hoover. Defendants are not challenging the excessive force or denial of medical treatment claims. The only claims at issue in the motion to dismiss are the claims of retaliation, which the defendants have characterized differently.

## II. DISCUSSION

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

### A. COMPLAINT

Plaintiff's complaint is not precise as to what his claims of constitutional violations are. As stated above, the court read plaintiff's complaint as raising claims for excessive force, retaliation, and denial of medical treatment. His claims arise from an incident wherein defendant Hoover entered plaintiff's cell while he and fellow prisoners were in the process of hanging a cardboard shelf in plaintiff's cell. Plaintiff alleges defendant Hoover then assaulted him, stating "This is for Gomez!" referring to plaintiff's legal action against another correctional officer. Plaintiff then alleges, reading the complaint broadly and in the best light of plaintiff, that he was wrongfully charged with a prison disciplinary for possessing a weapon, the cutter used for the cardboard shelf, wrongfully placed in administrative segregation, and retained

3

there, again all in retaliation for his complaint against Gomez.

Defendants read plaintiff's complaint slightly different, and more narrowly. Defendants argue the complaint, apparently in addition to those claims stated above, also raises a bribery charge, a due process allegation relating his placement in administrative segregation, and a false imprisonment claim. They do not read these allegations as part of the retaliation claim. As such, they argue, plaintiff fails to state a claim and these claims, as well as two defendants, should be dismissed.

In response, plaintiff argues his complaint does state a claim for each claim raised by defendant's motion. He argues he was placed into administrative segregation to cover up his assault, without having been interviewed, while other prisoners were sent back to their cell. He claims being placed in administrative segregation violated his liberty interest as an atypical and significant hardship. He also argues he does state a claim against defendant Blim for retaliation due to Blim's actions similarly being motivated by his legal action against Gomez. Plaintiff further argues he does state a claim for bribery against defendant Olivas in that Olivas extended plaintiff's placement in administrative segregation when he did not accept the terms Olivas offered.

As stated above, the court read the complaint to include the claims of excessive force, retaliation and denial of medical treatment. The only claim at issue in the current motion relate to what the court read as a retaliation claim. The court read the allegations relating to the bribes, disciplinary hearing, and administrative segregation, as part of the retaliation claim. However, to the extent plaintiff is attempting to set forth separate and distinct claims for those allegations, the court will address them as part of the motion to dismiss.

/ / /

/ / /

/ / /

/ / /

**1.     Due Process**

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or property interest for which the protection is sought. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). Liberty interests can arise both from the Constitution and from state law. See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Meachum v. Fano, 427 U.S. 215, 224-27 (1976); Smith v. Sumner, 994 F.2d 1401, 1405 (9th Cir. 1993). In determining whether the Constitution itself protects a liberty interest, the court should consider whether the practice in question "is within the normal limits or range of custody which the conviction has authorized the State to impose." Wolff, 418 U.S. at 557-58; Smith, 994 F.2d at 1405. Applying this standard, the Supreme Court has concluded that the Constitution itself provides no liberty interest in good-time credits, see Wolff, 418 U.S. at 557; in remaining in the general population, see Sandin v. Conner, 515 U.S. 472, 485-86 (1995); in not losing privileges, see Baxter v. Palmigiano, 425 U.S. 308, 323 (1976); in staying at a particular institution, see Meachum, 427 U.S. at 225-27; or in remaining in a prison in a particular state, see Olim v. Wakinekona, 461 U.S. 238, 245-47 (1983).

In determining whether state law confers a liberty interest, the Supreme Court has adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. See Sandin v. Connor, 515 U.S. 472, 481-84 (1995). In doing so, the Court has held that state law creates a liberty interest deserving of protection only where the deprivation in question: (1) restrains the inmate's freedom in a manner not expected from the sentence; and (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 483-84. However, placement in administrative segregation alone does not necessarily implicate a protected liberty interest. See id. at 486. Prisoners in California do have a liberty interest in the procedures used in prison disciplinary

1 hearings where a successful claim would not necessarily shorten the prisoner's sentence. See
2 Ramirez v. Galaza, 334 F.3d 850, 853, 859 (9th Cir. 2003) (concluding that a due process
3 challenge to a prison disciplinary hearing which did not result in the loss of good-time credits
4 was cognizable under § 1983); see also Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (concluding
5 that claims which did not seek earlier or immediate release from prison were cognizable under §
6 1983).

7       With respect to prison disciplinary proceedings, due process requires prison
8 officials to provide the inmate with: (1) a written statement at least 24 hours before the
9 disciplinary hearing that includes the charges, a description of the evidence against the inmate,
10 and an explanation for the disciplinary action taken; (2) an opportunity to present documentary
11 evidence and call witnesses, unless calling witnesses would interfere with institutional security;
12 and (3) legal assistance where the charges are complex or the inmate is illiterate. See Wolff, 418
13 U.S. at 563-70. Due process is satisfied where these minimum requirements have been met, see
14 Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in
15 the record as a whole which supports the decision of the hearing officer, see Superintendent v.
16 Hill, 472 U.S. 445, 455 (1985). The "some evidence" standard is not particularly stringent and is
17 satisfied where "there is any evidence in the record that could support the conclusion reached."
18 Id. at 455-56. However, a due process claim challenging the loss of good-time credits as a result
19 of an adverse prison disciplinary finding is not cognizable under § 1983 and must be raised by
20 way of habeas corpus. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997).

21       Here, to the extent plaintiff is claiming that he was denied due process in relation
22 to his prison disciplinary proceeding and/or his placement in administrative segregation, the
23 undersigned agrees that he fails to state a claim. It is clear from the documents submitted with
24 his complaint and opposition to the motion that plaintiff was provided notice of the hearing and
25 an opportunity to be heard, and there is at least the suggestion that there was some evidence to
26 support the findings of the lesser charge of possession of a dangerous contraband as the cutting

tool was found in his cell.[1]  In addition, a direct challenge to his prison disciplinary proceeding would likely be barred as he was assessed the loss of good time credits.  See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that §1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction of loss of good-time credits).  Plaintiff seems to argue that placement in administrative segregation does rise to the level of "atypical and significant hardship," but fails to explain how.  He does not allege he was kept in such housing for an extended period of time without review, nor whether he suffered some other significant hardship other inmates did not suffer.

Therefore, as a stand alone claim, plaintiff's claim for denial of due process relating to his prison disciplinary proceedings should be dismissed.  However, to the extent they are related to his retaliation claim, the allegations of false charges and placement in administrative segregation for the purpose of retaliating against plaintiff should be considered.

**2.    False Imprisonment**

Defendants argue that plaintiff cannot make a state law claim for false imprisonment as he is incarcerated pursuant to a valid state court judgment, and housing in administrative segregation cannot form the basis of such a claim.  Plaintiff does not address this claim in his opposition.  It appears therefore that plaintiff concedes that there is no false imprisonment claim alleged in his complaint.

False imprisonment is a state law tort, not a constitutional challenge.  As defendants set forth, to state a claim for false imprisonment, a plaintiff must allege he was restrained by another without proper authority, and the restraint was completely unlawful and

---

[1] While plaintiff certainly contends the clip (which was modified into a cutting tool like a razor) was not his, he does not challenge that the cutting instrument was found in his cell.

7

without authority.  See Collins v. County of Los Angeles, 50 Cal. Rptr. 586 (Cal. App 1966), Singleton v. Perry, 289 P.2d 794, 45 Cal.2d 489 (Cal. 1955).  As there is no challenge in this action as to whether plaintiff is legally incarcerated, he cannot sustain a false imprisonment claim, even if he was wrongfully housed in administrative segregation for a period of time.

Thus, as a stand alone claim, plaintiff cannot state a claim for false imprisonment, and that claim should be dismissed.  However, as discussed above, to the extent plaintiff is claiming he was falsely charged with the prison disciplinary, was wrongfully found guilty, and wrongfully placed in administrative segregation, all as part of his retaliation claim, such allegations should be considered.

**3.    Retaliation**

Next, defendants argue the retaliation claims against defendant Blim should be dismissed because plaintiff failed to plead sufficient facts showing defendant Blim's motivation for his conduct and that defendant Blim's conduct was not motivated by legitimate correctional goals.  Plaintiff argues that he sufficiently alleged Blim's actions were motivated by retaliation, except perhaps the chilling effect factor.  However, he argues, this is not detrimental to his claim.

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security.  See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).  In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right.  See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989).  The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct.  See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005).  Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials

8

took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. See Rhodes, 408 F.3d at 568.

Here, specific allegations of retaliation[2] against defendant Blim are minimal at best. Plaintiff's complaint alleges that defendant Blim did not interview him prior to ordering his placement in administrative segregation and referring the weapons possession charge to the county district attorney's office for possible prosecution. Defendant Blim also allegedly refused to talk with plaintiff, denying his request to do so. In his opposition to the motion to dismiss, plaintiff acknowledges his failure to specifically plead a chilling effect, but suggests that inmate Lopez's testimony that he heard defendant Hoover state "this is for Gomez" is sufficient to find all action against him must have been retaliatory.

Reviewing the claims in the complaint, the undersigned has to agree with defendant Blim's argument. Plaintiff alleges the defendant Blim placed him in administrative segregation upon receiving the report of the discovery of a weapon in plaintiff's cell. Plaintiff alleges both he and his cell mate were placed in administrative segregation upon this discovery, while another inmate (the alleged owner of the tool) was simply sent back to his cell. While plaintiff argues the alleged weapon was only a cutting tool, and that cutting tool belonged to another inmate who was in his cell hanging a shelf, there is certainly the appearance of a legitimate penological motivation for defendant Blim's actions. There is nothing plead in the complaint or argued in the opposition to indicate defendant Blim knew about plaintiff's case against Gomez, defendant Hoover's alleged assault on plaintiff due to that case, or that defendant Blim was similarly motivated.

---

[2] In addition to the retaliation claim, plaintiff also alleges defendant Blim denied him access to medical treatment for his injuries. Those claims are not at issue in the motion to dismiss.

Therefore, the undersigned finds the retaliation claims against defendant Blim should be dismissed. However, as there are unchallenged denial of medical treatment claims against defendant Blim, defendant Blim should not be dismissed from this action.

**4.     Bribery**

Finally, defendants challenge plaintiff's claim for bribery against defendant Olivas. Plaintiff alleges that defendant Olivas attempted to bribe him into dropping all legal action against the other defendants. In the motion to dismiss, defendants argue plaintiff does not and cannot state a claim for bribery as he has no standing to bring such an action based on criminal conduct. See Cal. Pen. Code § 67.

Plaintiff argues that his bribery claims against defendant Olivas relate to his retaliation claim, alleging that defendant Olivas extended his time in administrative segregation when he refused to drop the charges against the other defendants.

The undersigned agrees that plaintiff cannot maintain a civil action against defendant Olivas for the crime of bribery, and any stand alone claim therefor should be dismissed. However, plaintiff alleges that the attempts of bribery were related to his charges against the other defendant. To the extent as those allegations relate to his claim of retaliation, the undersigned finds the allegations should be considered.

**B.     OTHER MOTIONS**

In addition to the motion to dismiss, and proper responses thereto, plaintiff filed a surreply to defendants' reply, defendants filed a motion to strike the surreply, and plaintiff filed a belated request for leave of court to have filed his surreply.

Neither the Federal Rules of Civil Procedure nor the Eastern District of California Local Rules contemplate the filing of a surreply in response to a motion to dismiss. See Local Rule 230. Accordingly, the undersigned finds it appropriate to grant defendant's motion to

///

///

strike, and deny plaintiff's request for additional time and his belated request for permission to file a surreply.[3]

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that defendants' motion to dismiss be granted in part and denied in part, as follows:

1. To the extent plaintiff is claiming due process violation relating to his prison disciplinary proceedings or placement in administrative segregation, such claims should be dismissed for failure to state a claim;

2. To the extent plaintiff is claiming false imprisonment, such claims should be dismissed for failure to state a claim;

3. To the extent plaintiff is claiming bribery, such claims should be dismissed for failure to state a claim;

4. The motion to dismiss the retaliation claims against defendant Blim only should be granted;

5. The motion to dismiss defendants Blim and Olivas from this action should be denied;

6. This action should proceed on plaintiff's excessive force, retaliation and medical treatment claims except as outlined above; and

7. Defendant's motion to strike (Doc. 48) should be granted, and Plaintiff's motion for leave to file a surreply (Doc. 49) and request for additional time in which to do so (Doc. 46) should be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

---

[3] The undersigned notes, however, that even if the court was to consider the surreply, there is nothing in the surreply which would alter the discussion above or the recommendation herein.

after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 2, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE