IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE A. MARTINEZ, | No. 2:09-CV-0680-KJM-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| G. HOOVER, et al., | |
| Defendants. | |
| _____ / | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are: (1) plaintiff's motion for a stay of proceedings (Doc. 61); (2) plaintiff's motions for the appointment of counsel (Docs. 62, 63, and 65); and (3) defendants' motion to compel (Doc. 66).

In his motion for a stay of proceedings, plaintiff asks for proceedings in this case to "stop temporarily" due to mental illness.  According to plaintiff, he suffers from a number of mental impairments which render him unable to proceed.  Plaintiff has not, however, provided the court with any evidence to document the alleged mental impairments or their affect, if any, on his ability to litigate this case.  To the contrary, plaintiff's filings reflect that he can articulate his position sufficiently at the present time, despite any mental impairments.  Further, according to

1

1  plaintiff, he is taking medications for his mental impairments, and there is no indication that
2  these medications do not alleviate any symptoms he may experience.  At this time, the court finds
3  that a stay of proceedings is not warranted.
4           Plaintiff seeks the appointment of counsel as an alternative to a stay of
5  proceedings.  The United States Supreme Court has ruled that district courts lack authority to
6  require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States
7  Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may
8  request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v.
9  Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36
10 (9th Cir. 1990).  A finding of "exceptional circumstances" requires an evaluation of both the
11 likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his
12 own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.
13 Neither factor is dispositive and both must be viewed together before reaching a decision.  See
14 id.
15          In the present case, the court does not at this time find the required exceptional
16 circumstances.  As discussed above, plaintiff's filings reveal that he has the ability to articulate
17 his position on his own.  Further, plaintiff's medical care, excessive force, and retaliation claims
18 are straightforward and not particularly complex, either legally or factually.  The court does not
19 find that exceptional circumstances warranting appointment of counsel exist at the present time.
20          Defendants seek sanctions resulting from plaintiff's failure to attend his properly
21 noticed deposition.  According to defendants, plaintiff refused to leave his cell to attend a
22 properly noticed deposition on March 2, 2012.  They state that plaintiff agreed to attend if his
23 prison mental health physician was present but that, when the doctor was made available,
24 plaintiff still refused to attend.  There court hereby orders plaintiff to attend his next properly
25 noticed deposition under penalty of possible dismissal of the action should plaintiff fail to
26 comply.  See Fed. R. Civ. P. 37(d)(3).  As the prevailing party, the court must direct plaintiff to

pay defendants' reasonable expenses incurred in relation to the March 2, 2012, deposition. See id. Here, as established in defendants' counsel's declaration, such amount is $3,503.96.

The court will, by this order, extend the time to conduct discovery and file dispositive motions.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a stay of proceedings (Doc. 61) is denied;

2. Plaintiff's motions for the appointment of counsel (Docs. 62, 63, and 65) are denied;

3. Defendants' motion to compel (Doc. 66) is granted;

4. Plaintiff is ordered to attend his next properly noticed deposition;

5. Plaintiff is ordered to pay to defendants, through their counsel, the sum of $3,503.96 as reasonable expenses under Federal Rule of Civil Procedure 37(d)(3);

6. The time to conduct discovery is extended to December 3, 2012; and

7. Dispositive motions are due within 90 days from the discovery cut-off date.

DATED: August 27, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE