IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARCHIE A. MARTINEZ,

     Plaintiff,                      No. CIV S-09-0680-KJM-CMK P

  vs.

G. HOOVER, et al.,

     Defendants.               ORDER

                              /

          Plaintiff, a state prisoner proceeding pro se, brings a civil rights action under 42 U.S.C. § 1983.  Plaintiff's motions for reconsideration of the magistrate judge's order denying plaintiff's request for counsel are pending before the court.  (ECF 74, 78.)

          As provided by Eastern District of California Local Rule 303(b), "rulings by Magistrate Judges . . . shall be final if no reconsideration thereof is sought from the Court within fourteen (14) days calculated from the date of service of the ruling on the parties . . . ."  Here, plaintiff is challenging the order filed August 28, 2012.  Plaintiff's pending motions for reconsideration were signed and served on September 19, 2012 (ECF 74) and October 31, 2012 (ECF 78).  Plaintiff's motions thus were served more than fourteen days from the date of service

1

of the magistrate judge's orders.[1]  The motions, therefore, are untimely.  If plaintiff is seeking reconsideration of the magistrate judge's September 4, 2012 order, which clarified, but did not modify, the prior order, that request is similarly untimely.

Notwithstanding the untimeliness of plaintiff's motions, the details of plaintiff's case give this court sufficient pause to reconsider *sua sponte* the merits of the magistrate judge's denial of plaintiff's motion to appoint counsel.  *See* Local Rule 303(g) ("The assigned Judge may also reconsider any matter at any time sua sponte.").  As provided by Local Rule 303(f), a magistrate judge's order shall be upheld unless "clearly erroneous or contrary to law."  "'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust,* 508 U.S. 602, 622 (1993) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "[R]eview under the 'clearly erroneous' standard is significantly deferential . . . ." *Id.* at 623. "To succeed [on a motion for reconsideration], a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Enriquez v. City of Fresno,* No. CV F 10–0581 AWI DLB, 2011 WL 1087149, at *3 (E.D. Cal. Mar. 23, 2011).  Upon review of the file, the court finds the magistrate judge's ruling on appointment of counsel was contrary to law.

The magistrate judge found plaintiff was not entitled to court-appointed counsel because the requisite "exceptional circumstances" were absent.  (ECF 70 at 2.)  "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.  Neither of these factors is dispositive and both must be viewed together

---

[1]  As provided by *Houston v. Lack*, 487 U.S. 266 (1988), because plaintiff is a *pro se* prisoner litigant, the court has given plaintiff the benefit of the date shown on his proof of service, as the date he delivered his motion to prison authorities for mailing to the court.

before reaching a decision." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). The magistrate judge found "plaintiff's filings reveal that he has the ability to articulate his position on his own. Further, plaintiff's medical care, excessive force, and retaliation claims are straightforward and not particularly complex, either legally or factually." (ECF 70 at 2.) This analysis does not address the first of *Terrell*'s two compulsory prongs: the likelihood that plaintiff will prevail on the merits. As plaintiff has survived a motion to dismiss on his medical care, excessive force, and retaliation claims, this oversight should be corrected. Furthermore, the analysis of *Terrell*'s second prong appears deficient because it does not address the fact that plaintiff has been relying on another inmate to draft his claims, and that other inmate has submitted declarations stating he can no longer assist plaintiff. (ECF 65 at 3; ECF 74 at 5-6; ECF 78 at 4-5.)

Accordingly, IT IS HEREBY ORDERED that:

1. The court declines to adopt the findings and recommendations (ECF 70); and

2. This case is remanded to the magistrate judge to reconsider plaintiff's motion in light of this order.

DATED: April 30, 2013.

_____
UNITED STATES DISTRICT JUDGE