IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARCHIE A. MARTINEZ,  No. 2:09-cv-0680-KJM-CMK-P

    Plaintiff,

  vs.  ORDER

G. HOOVER, et al.,

    Defendants.

_____/

    Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to vacate the scheduling order (Doc. 76), and two motions to strike (Docs. 79, 80).

    The current scheduling order set a discovery cut off date of March 5, 2012.  The parties incurred some difficulties in completing the necessary discovery, and the court granted the defendants' motion to compel plaintiff's deposition.  In addition, plaintiff has requested the appointment of counsel.  The undersigned originally denied that motion, but upon reconsideration the District Court is requiring the undersigned look at plaintiff's request again.  The request for counsel will be addressed by separate order.  In the meantime, the defendants request the scheduling order be vacated until plaintiff's entitlement to counsel has been

determined. The undersigned agrees that before this action can continue, plaintiff's request for counsel, and his mental capacity, need to be addressed. Therefore, the scheduling order will be vacated until this determination has been made. Once plaintiff's request for counsel has been addressed, the court will issue a new scheduling order.

In addition, there are two other outstanding motions (Doc. 79, 80) wherein both parties are attempting to strike the other's pleadings. In defendants' motion to strike (Doc. 79), defendants object to plaintiff's filing due to the filing being signed by plaintiff and his jailhouse assistant. While it may be improper for another inmate to sign plaintiff's pleading, plaintiff also signed the document complained of. In addition, the document defendants complain about has already been addressed by the District Court. Therefore, any request to strike that document at this point is moot. If the District Court would have found the document inappropriately filed, it would have been addressed in the court's order. In addition, plaintiff's motion to strike is objecting to the defendants' motion to strike. As defendants' motion to strike will be denied, plaintiff's motion to strike is similarly moot, and will be denied.

Accordingly, IT IS HEREBY ORDERED that

1. Defendants' motion to vacate the scheduling order (Doc. 76) is granted;

2. A new scheduling order will be issued by the undersigned at the appropriate time;

3. Defendants' motion to strike (Doc. 79) is denied; and

4. Plaintiff's motion to strike (Doc 80) is denied.


DATED: September 30, 2013

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

2