IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE A. MARTINEZ, | No. 09-cv-0680-KJM-CMK-P |
|     Plaintiff, | |
|   vs. | ORDER |
| G. HOOVER, et al., | |
|     Defendants. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

      Pending before the court is plaintiff's request for the appointment of counsel. Plaintiff has requested appointment of counsel several times, and the undersigned has denied each of the requests. However, the District Court *sua sponte* reconsidered the undersigned's denial and referred the issue back to the undersigned for reconsideration. The undersigned has reconsidered the order denying counsel, and finds the denial to be appropriate.

      The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may

1  request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v.
2  Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36
3  (9th Cir. 1990).  A finding of "exceptional circumstances" requires an evaluation of both the
4  likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his
5  own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.
6  Neither factor is dispositive and both must be viewed together before reaching a decision.  See
7  id.

8  In the present case, the court does not at this time find the required exceptional
9  circumstances.  This case involves claims of excessive force, denial of medical treatment, and
10 retaliation.  As the undersigned has previously determined, these claims are fairly straightforward
11 and not particularly complex, either legally or factually.  Plaintiff claims he suffers from mental
12 health issues and is unable to proceed on his own through this litigation.  However, the mental
13 health issues plaintiff identifies include paranoia, stress, manic/depression, anxiety, and hearing
14 voices.  None of these mental health conditions would necessarily lead to the plaintiff's
15 diminished capacity to understand the documents and orders presented in this case.  Plaintiff
16 offers no support for the claim that he is unable to comprehend, and based on the filings in the
17 case thus far, it would appear plaintiff has the ability to articulate his claims.  While he does
18 indicate a fellow inmate has been assisting him in this matter, and this inmate is no longer able to
19 help, receiving assistance from a fellow inmate does not necessarily reflect on plaintiff's own
20 abilities.

21 From the facts alleged in the amended complaint, plaintiff's claims will likely rely
22 on the testimony of himself and two other inmate witnesses, and will likely be countered by the
23 testimony of several correctional officers including the defendants.  It does not appear that there
24 will be any tangible evidence presented.  As to the likelihood of success on the merits, if this case
25 makes it to trial it will likely rely on the jury's determination as to the credibility of the parties
26 and witnesses.  As such, the undersigned cannot find there is a reasonable likelihood that plaintiff

will be successful on the merits of his case.

      Therefore, on reconsideration, the undersigned again finds this case does not meet the required exceptional circumstances for appointment of counsel.

      In addition, prior to the appointment of counsel issue in this case, plaintiff was ordered to appear and cooperate for a deposition. The dates in the prior scheduling order were vacated. In order to reset the appropriate deadlines in this case, the court will require a status report from the parties to indicate how much additional time is necessary to complete discovery and to file any dispositive motions.

      Accordingly, IT IS HEREBY ORDERED that:

      1.    Plaintiff's request for the appointment of counsel is denied;

      2.    Plaintiff shall file a status report, within 20 days, informing the court what discovery he still needs to complete, how much time he needs to complete his discovery, and how much time he may need to file any dispositive motions he may file; and

      3.    Defendants shall file a status report, within 35 days, informing the court what discovery they need to complete, how much time they need to complete the discovery, and how much time is needed to file any dispositive motions.

DATED: August 5, 2016

                                                            **CRAIG M. KELLISON**
                                                            UNITED STATES MAGISTRATE JUDGE