1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ARCHIE A. MARTINEZ,                      No. 2:09-cv-0680-KJM-CMK-P

12               Plaintiff,

13        vs.                                  FINDINGS AND RECOMMENDATION

14   G. HOOVER, et al.,

15               Defendants.

16   _____/

17              Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.  On August 5, 2016, the court directed plaintiff to file a status report.  When

19   plaintiff failed to do so within the time provided, findings and recommendations were issued on

20   September 15, 2016, recommending dismissal of this action.  The day the findings and

21   recommendations were issued, the court received a request for additional time which was

22   granted.  Plaintiff then had until November 10, 2016, to file his status report.  As of the date of

23   this order, the court has not received plaintiff's status report.  Plaintiff was cautioned that failure

24   to file his status report within the time provided may result in the imposition of sanctions,

25   including dismissal of this action or preclusion of issues or witnesses as authorized by Local Rule

26   110.

1     The court must weigh five factors before imposing the harsh sanction of

2 dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.

3 U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's

4 interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)

5 the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on

6 their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,

7 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an

8 appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.

9 See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is

10 appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,

11 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to

12 comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,

13 1260-61 (9th Cir. 1992).

14     Having considered these factors, and in light of plaintiff's failure to file a status

15 report as ordered, even after the extension of time in which to do so, the undersigned finds that

16 dismissal of this action is appropriate.

17     Based on the foregoing, the undersigned recommends that this action be

18 dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and

19 orders.

20     These findings and recommendations are submitted to the United States District

21 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

22 after being served with these findings and recommendations, any party may file written

23 / / /

24 / / /

25 / / /

26 / / /

1    objections with the court.  Responses to objections shall be filed within 14 days after service of

2    objections.  Failure to file objections within the specified time may waive the right to appeal.

3    See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4

5     DATED: November 22, 2016

6
                                                    _____
7                                                    CRAIG M. KELLISON
                                                     UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26